UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE WARREN,

                                   Case Number: 2:09-CV-13568

        Petitioner,                  Honorable Patrick J. Duggan

v.

NICK LUDWICK,

        Respondent.
_____/

**OPINION AND ORDER HOLDING PETITION FOR WRIT OF
HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY
CLOSING CASE**

This is a habeas corpus petition filed under 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, challenges his convictions in 2007 for first-degree felony murder, conspiracy to commit arson of a dwelling, and perjury. Respondent has filed an answer arguing that the petition should be dismissed without prejudice because Petitioner has not exhausted his state court remedies for eleven of the twelve claims raised in the petition. The Court finds that these claims are unexhausted and shall dismiss the petition without prejudice.

Following a jury trial in Kalamazoo County Circuit Court, Petitioner was convicted as set forth above. On June 4, 2007, he was sentenced as a fourth habitual offender to life imprisonment for the felony-murder conviction, 320 months to 60 years' imprisonment for the conspiracy conviction, and 280 months to 50 years' imprisonment for the perjury conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising a single claim for relief: insufficient evidence was presented to find Petitioner guilty beyond a reasonable doubt. On September 23, 2008, the Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Warren*, No. 278897, 2008 WL 4335099 (Mich. Ct. App. Sept. 23, 2008). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the sufficiency of the evidence claim presented to the Michigan Court of Appeals. The Michigan Supreme Court denied Petitioner leave to appeal on January 9, 2009. *People v. Warren*, 483 Mich. 854, 759 N.W.2d 12 (Jan. 9, 2009).

On September 10, 2009, Petitioner filed the pending petition for a writ of habeas corpus. He raises the following claims:

I. Defendant-Appellant's convictions should be reversed because there was insufficient evidence to find for them; alternatively the motion for directed verdict should have been granted.

II. Reversal for ineffective assistance of appellate counsel is appropriate without a remand for an evidentiary hearing where, as here, the existing record is sufficient to allow the reviewing court to evaluate the issue.

III. Trial court abused its discretion when refusing to permit defendant's affirmative defense against the charge of felony murder per: *In re Winship*, compelling the prosecutor to prove every element of the charge beyond a reasonable doubt.

IV. Trial court error in considering pre-sentence information report relating to the charge of arson – improperly enhanced the PRV's and OV's scoring in lieu of the arson charge being vacated by the trial court – effectively denying procedural due process within the sentencing guideline range grid.

V. Defendant-appellant was denied effective assistance of trial counsel

during crucial stages of preliminary and pre-trial proceedings when failing to challenge jurisdiction mandated by the First Judiciary Act of 1789.

VI. Defendant-appellant was denied effective assistance of trial counsel when counsel failed to challenge the district court fraud perpetrated by the prosecution to obtain jurisdiction and warrant.

VII. Appellate court abused its authority and discretion when using "arson" charge as evidence against defendant-appellant to affirm the conviction – in lieu of the charge of arson being vacated by the lower court.

VIII. Defendant-appellant was denied effective assistance of appellate counsel for failing to perfect "on the record" issues for appellate review . . .

IX. Trial court abused its discretion when allowing the error in permitting the use of habitual offender statute absent prior convictions to support fourth offender status under color of law.

X. Michigan Court Rule 6.500 et. seq. should be abolished/rescinded as being unconstitutional because it forces a defendant-appellant into an "unconscionable" contract of estoppel in violation of First Amendment rights of access to court, rights to petition the government, rights to redress grievances, and rights to seek recourse for government instruction/trespass.

XI. Anti-Terrorism and Death Penalty Act et seq. should be abolished/rescinded from being applied to state of Michigan convictions as the time line or limit of one year is an unconstitutional procedure and not authorized under the United States Constitution via First Amendment access to the courts, petition of the government and redress of grievances against government entities nor authorized by state of Michigan Constitution (1963).

XII. Defendant-appellant should be allowed an order to stay . . . until the issue(s) presented herein are addressed and or exhausted at state level of the judicial process.

Respondent filed an answer to the petition on June 9, 2010.

In the answer, Respondent argues that the petition should be dismissed without prejudice because Petitioner has failed to exhaust his state court remedies with respect all but one of his claims. Petitioner asks that the petition, instead, be held in abeyance pending exhaustion of state court remedies.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731 (1999). "Ordinarily, the state courts must have had the opportunity to pass on [a] defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845, 119 S.Ct. at 1732 (internal quotation omitted). Michigan prisoners must raise their claims in the Michigan Court of Appeals and Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner's second through eleventh claims have not been presented to the Michigan Court of Appeals or Michigan Supreme Court. These claims, therefore, are unexhausted. The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. He can file a motion for relief from judgment pursuant

4

to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on the petitioner's claims. He may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, Petitioner would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62, 116 S. Ct. at 2080 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199 (1982); *see also Rust,* 17 F.3d at 160. However, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528, 1534 (2005). Stay and abeyance is available only in "limited circumstances" such as where the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the

failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277, 125 S. Ct. at 1535.

Because the limitations period is not statutorily tolled during the pendency of a habeas petition, outright dismissal of the petition would render any future habeas petition untimely. Petitioner argues that he did not exhaust his unexhausted claim because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present this claims in state court. In addition, the Court finds that the unexhausted claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See id.* at 277-78, 125 S. Ct. at 1535. Therefore, the Court shall stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278, 125 S. Ct. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon him time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his unexhausted claims in state court within sixty (60) days from the date of this Opinion and Order. *See id.* Further, he must ask this Court to lift the stay within sixty (60) days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of

the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

Accordingly,

**IT IS ORDERED**, that Petitioner's habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**;

**IT IS FURTHER ORDERED**, that Petitioner shall pursue exhaustion of state court remedies within **sixty (60) days** from the date of this Opinion and Order. Within **sixty (60) days** after the conclusion of the state court proceedings, Petitioner shall file a motion to lift the stay **in the above-captioned case**;

**IT IS FURTHER ORDERED**, that to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

DATE: November 17, 2010

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Lonnie Michael Warren
#442450
1500 Caberfae Highway
Manistee, MI 49660

AAG Laura Moody